HON. WILLIAM FREMMING NIELSEN

Thomas R. Luciani
STAMPER, RUBENS, STOCKER & SMITH
720 West Boone, Suite 200
Spokane, WA 99201
PH (509) 326-4800
FAX (509) 326-4891

Attorney for Defendant
Genesis Insurance Company

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 28 2001

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| CITY OF SPOKANE, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONAL INSURANCE COMPANY, a foreign corporation; LEXINGTON INSURANCE COMPANY, a foreign corporation; and GENESIS INSURANCE COMPANY, a foreign corporation,<br><br>Defendants. | No. CS-01-0069-WFN<br><br>DEFENDANT GENESIS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF FACTS |

Defendant Genesis Insurance Company ("Genesis") moves for summary judgment pursuant to Fed. R. Civ. P. 56(c) and LR 56.1.

For purpose of this summary judgment motion only, Genesis submits the following undisputed facts.

### The Colbert Compost Facility

1. On June 22, 1993, plaintiff City of Spokane ("City") entered into a contract with O.M. Scotts Company ("Scotts") and the County of Spokane ("County") to design, construct and operate a compost facility to be known as the Colbert Compost Facility ("the Compost facility"). See City's Complaint for Declaratory Relief and Damages ("Complaint"), p. 2, ¶ 3.3, attached as

DEF. GENESIS'S STATEMENT OF FACTS- 1

Exhibit A to the Declaration of Michael J. Balch in support of Genesis Insurance Company's Motion for Summary Judgment ("Balch Declaration").

2. The compost facility went into operation on November 15, 1993. See Complaint, p. 2, ¶ 3.3.

The Walmsley Lawsuit

3. On April 14, 1997, a lawsuit was filed against the City, Scotts and the County by homeowners in the vicinity of the compost facility. See Walmsley, et al. v. City of Spokane, et al. Complaint for Damages and Injunctive Relief ("Walmsley Complaint"), attached as Exhibit 1 to Exhibit A of the Balch Declaration.

4. The Walmsley plaintiffs alleged that the compost facility had been emitting foul, offensive, noxious and otherwise unreasonable odors causing injuries to plaintiffs and their properties from the time that the facility began operating. See Walmsley Complaint, pp. 3-4, ¶ 3.3.

5. The Walmsley plaintiffs asserted four causes of action arising from the emission of the odors from the compost facility: nuisance, trespass, negligence and inverse condemnation. See Walmsley Complaint, pp. 4-6, ¶¶ 4.1-4.9.

6. The Walmsley plaintiffs sought monetary relief for the damages caused by the emission of the odors and an order enjoining the operation of the compost facility in order to fully abate the emission of the odors. See Walmsley Complaint, p. 6, ¶¶ 5.2-5.3

The City's Claim For Insurance Coverage

7. Genesis issued an excess insurance policy to the City for the policy period from July 7, 1995, to July 7, 1996, under policy number YXB300335, a copy of which is attached as Exhibit B to the Balch Declaration.

DEF. GENESIS'S STATEMENT OF FACTS- 2

8. On July 23, 1998, the city wrote to Genesis to put it on notice of the <u>Walmsley</u> lawsuit. <u>See</u> Complaint, p. 7, ¶ 6.1.

9. In October and November, 1998, Genesis advised the City that Genesis did not believe the <u>Walmsley</u> lawsuit was covered by the Genesis policy. <u>See</u> Complaint, pp. 8-9, ¶¶ 6.11 and 6.13.

10. On December 11, 1998, Genesis denied coverage for the <u>Walmsley</u> lawsuit, based upon, <u>inter alia</u>, the absolute pollution exclusion in the Genesis policy. <u>See</u> Exhibit C to the Balch Declaration.

11. The absolute pollution exclusion in the Genesis policy reads as follows:

> This insurance does not apply to: . . .
>
> Bodily injury, personal injury, advertising injury or property damage which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time . . . .
>
> Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

<u>Settlement of the Walmsley Lawsuit</u>

12. On August 4, 1999, the City settled the Walmsley lawsuit for over $4 million. <u>See</u> Complaint, p. 10, ¶ 7.1; <u>see also</u> Settlement Agreement attached as Exhibit D to the Balch Declaration.

<u>The Instant Coverage Litigation</u>

13. On February 8, 2001, the City filed the instant lawsuit, seeking coverage for the <u>Walmsley</u> lawsuit from Genesis and the other insurer-defendants. <u>See</u> Complaint.

DEF. GENESIS'S STATEMENT OF FACTS- 3

14. In its complaint, the City alleges that the definition of "pollutants" in the Genesis policy is inherently ambiguous and that the compost facility does not release "pollutants." See Complaint, pp. 9-10, ¶¶ 6.19-6.20.

The Instant Motion

15. The instant motion is brought by Genesis seeking summary judgment on the ground that the City's claim for insurance coverage for the Walmsley lawsuit is barred by application of the absolute pollution exclusion in the Genesis policy.

16. In support of the instant motion, Genesis relies upon the foregoing Statement of Facts, the Balch Declaration and the accompanying Memorandum of Law.

Respectfully submitted this ___ day of November, 2001.

STAMPER, RUBENS, STOCKER & SMITH

By: _____

Thomas R. Luciani
Attorney for Defendant
Genesis Insurance Company

Of Counsel:

Michael J. Balch (admitted pro hac vice)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Four Times Square
New York, NY 10036
(212) 735-3000

DEF. GENESIS'S STATEMENT OF FACTS- 4

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November, 2001, I caused to be served, by placing in postage prepaid envelopes a true and correct copy of the following, and mailing the same via U.S. Mail, a copy of Defendant Genesis' Motion for Summary Judgment & Statement of Facts, Declaration of Michael J. Balch in Support of Motion for Summary Judgment, and Defendant Genesis' Memorandum of Law in Support of Motion for Summary Judgment, and addressed to the following:

| | | |
|---|---|---|
| Grant S. Degginger<br>Rehman H. Bashey<br>Lane Powell Spears Lubersky LLP<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101 | __X__ <br> _____ <br> _____ <br> _____ | U.S. Mail, Postage Prepaid<br>Hand Delivered<br>Overnight Mail<br>Telecopy (Facsimile)<br>(206)223-7107 |
| Richard C. Robinson<br>Jeffrey P. Downer<br>Lee Smart Cook Martin & Patterson PS<br>1325 Forth Avenue, Suite 800<br>Seattle, WA 98101-2585 | __X__ <br> _____ <br> _____ <br> _____ | U.S. Mail, Postage Prepaid<br>Hand Delivered<br>Overnight Mail<br>Telecopy (Facsimile)<br>(206)624-5944 |
| David Tewell<br>Tewell & Findlay<br>Attorneys at Law<br>900 Fourth Avenue, Suite 1144<br>Seattle, WA 98164-1011 | __X__ <br> _____ <br> _____ <br> _____ | U.S. Mail, Postage Prepaid<br>Hand Delivered<br>Overnight Mail<br>Telecopy (Facsimile)<br>(206)682-5196 |

_Diane Mueller_
Diane Mueller

:11/27/01
H:\CLIENTS\Genesis\CertifSvc3.doc